# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT
_____

## No. 15-1244
## (3:10-cv-00311-DCK)
_____

**VENUS SPRINGS,**

> **Plaintiff-Appellant,**

> **v.**

**ALLY FINANCIAL, INC. f/k/a
GMAC INC., AMY BOUQUE,**

> **Defendants-Appellees,**

> **and**

**KATHLEEN PATTERSON,
YEQUIANG HE and CYNTHIA
DAUTRICH**

> **Defendants.**

_____

## APPELLEES ALLY FINANCIAL, INC. AND AMY BOUQUE'S
## MOTION FOR LEAVE TO FILE SUPPLEMENTAL APPENDIX
## OR FOR CORRECTED APPENDIX
_____

Appellant Venus Springs ("Springs") did not include in the appendix the items designated by Appellees Ally Financial, Inc., and Amy Bouque (collectively "Ally"). Ally therefore moves pursuant to Local Rule 30(c) for leave to file a supplemental appendix or, in the alternative, for an order requiring Springs to file a corrected appendix. Counsel for Ally has informed counsel for Springs of the intended filing of this motion, and counsel for Springs has consented to the filing of a supplemental appendix.

## Facts

On May 22, Springs provided Ally with a draft list of items designated for inclusion in the appendix.[1] On May 25, Ally designated eight additional items (totaling 36 pages) for inclusion, all of which are matters of record:

1. Notice by Venus Springs re Order on Motion for Protective Order (docket no. 105)
2. Motion for Sanctions (docket no. 107)
3. Declaration of Clifton Brinson (docket nos. 109, 109-1, 109-2 & 109-3)
4. Motion for Sanctions (docket nos. 114, 114-1 & 114-2)
5. Notice by Venus Springs re Order on Objection to Magistrate Judge's Decision (docket no. 116)
6. Declaration of Clifton Brinson (docket nos. 117 & 117-1)
7. Order Referring Motion for Sanctions (docket no. 121)
8. Order granting motion with modifications Motion for Sanctions (docket no. 124)

Ally also objected to inclusion of a particular document on the grounds that it was effectively a memorandum of law, and gave Springs the option of removing that

---

[1] Correspondence between the parties relating to the appendix is attached as Exhibit A.

document or including Ally's response brief (docket no. 110). Ally provided Springs a copy of each of the documents it designated for inclusion in the appendix. Springs, however, filed the appendix [Dkt. 25-1] without including any of the materials designated by Ally.

## Argument

Federal Rule of Appellate Procedure 30(b)(1) states that, after an appellant has designated portions of the record for inclusion in the appendix, "[t]he appellee may, within 14 days of receiving the designation, serve on the appellant a designation of additional parts to which it wishes to direct the court's attention." In this case, Ally's designations were made well within the 14-day time frame. Upon receipt of such additional designations, "[t]he appellant <u>must</u> include the designated parts in the appendix." Fed. R. App. P. 30(b)(1) (emphasis added).

Local Rule 30(c) provides that the remedy for an appellant's failure to include in the appendix the portions designated by the appellee is that "the appellant will be required to file a corrected appendix incorporating such material, and to bear the cost regardless of the outcome of the appeal." To avoid the cost and inconvenience of reprinting the entire appendix, Ally proposes instead to file a supplemental appendix containing the material omitted by Springs.[2] If, however,

_____

[2] Ally proposes filing the supplemental appendix concurrently with its brief. In the event Ally ultimately does not cite some of the documents it has designated for the joint appendix, it would omit those documents from the supplemental appendix.

the Court would prefer a single joint appendix, Ally requests that Springs be required to file a corrected appendix pursuant to Local Rule 30(c).

### Conclusion

For the foregoing reasons, Appellees Ally Financial, Inc., and Amy Bouque move the Court for leave to file a supplemental appendix, or alternatively to order Appellant to file a corrected appendix incorporating the material designated by Appellees.

Respectfully submitted, this the 28th day of May, 2015.

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.

/s/ Clifton L. Brinson
Kirk G. Warner
NC State Bar No. 16238
Email: kwarner@smithlaw.com
Clifton L. Brinson
NC State Bar No. 34331
Email: cbrinson@smithlaw.com
Attorneys for Appellees Ally Financial, Inc.
    f/k/a GMAC, Inc. and Amy Bouque
150 Fayetteville Street, Suite 2300
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone:  (919) 821-1220
Facsimile:   (919) 821-6800

## CERTIFICATE OF SERVICE

I certify that on May 28, 2015 the foregoing document was served on all parties on their counsel of record through the CM/ECF system at the addresses listed below:

Mr. Herman Kaufman
hkaufma2@gmail.com
hkaufma2@optonline.net

Ms. Venus Yvette Springs
Springslawfirm@gmail.com

SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.

/s/ Clifton L. Brinson_____
Kirk G. Warner
NC State Bar No. 16238
Email: kwarner@smithlaw.com
Clifton L. Brinson
NC State Bar No. 34331
Email: cbrinson@smithlaw.com
Attorneys for Appellees Ally Financial, Inc.
   f/k/a GMAC, Inc. and Amy Bouque
150 Fayetteville Street, Suite 2300
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone:  (919) 821-1220
Facsimile:   (919) 821-6800

# Exhibit A

**Alison Pollock**

| | |
|---|---|
| **From:** | Herman Kaufman <hkaufma2@gmail.com> |
| **Sent:** | Tuesday, May 26, 2015 3:50 PM |
| **To:** | Cliff Brinson |
| **Subject:** | Re: Re: |

The last sentence of R 30 also states that the parties must not engage in unnecessary designation of parts of the record, because the entire record is available to the court.

Although we reproduced the Magistrate order, granting the protective order, there is no argument on appeal by the Plaintiff, addressed to that order.

HK

On Tue, May 26, 2015 at 8:43 AM, Cliff Brinson <cbrinson@smithlaw.com> wrote:

On 1&2, an order relating to Defendants' motion for sanctions (docket no. 121) is listed on the Notice of Appeal as one of the orders from which an appeal is being taken.  Defendants are accordingly requiring inclusion in the appendix of documents related to that motion.


On 4, the mere fact that objections were filed is evident from the docket sheet and has never been disputed by Defendants, so it seems unnecessary to include the actual document in the appendix.  But if Plaintiff wishes to include the objections, that is her right; Defendants simply require that their response be included in the appendix as well.


On 5, while Plaintiff is free to disagree with Defendants' designations, pursuant to FRAP 30(b)(1) appellees have the right to designate content for the appendix and "[t]he appellant must include the designated parts in the appendix."  Defendants reiterate their request that the materials designated yesterday be included in the appendix.




**From:** Herman Kaufman [mailto:hkaufma2@gmail.com]
**Sent:** Monday, May 25, 2015 10:31 PM
**To:** Cliff Brinson; SPRINGS LAW
**Subject:** Re:



Hi,

Please note:

1. The only appealable order before the 4th Cir. is the District Ct. order granting a protective order.

2. The sanction issues arose after the filing of the notice of appeal and is thus within the scope of the appeal, which raises only the correctness of the Dist. Ct. order, granting the protective order. The District Court has taken the matter of sanctions under advisement and will hold a hearing in June, see Dkt. # 137. The Magistrate's order is not appealable, as the parties never consented to his rendering a decision; as a result, the Magistrate's decision is only a recommendation.

4. As far as the objection to the magistrate, this was included to establish preservation of the issue, namely the legality of the protective order. No other purpose was intended.

5. We thus believe that the appendix contains those entries that will enable the court to decide the question presented.

HK

On Mon, May 25, 2015 at 9:16 PM, Cliff Brinson <cbrinson@smithlaw.com> wrote:

Mr. Kaufman,

Defendants designate the following additional material for inclusion in the joint appendix:

- Notice (docket no. 105)

- Motion for sanctions (docket no. 107)

- Declaration (docket nos. 109, 109-1, 109-2 & 109-3)

- Motion for sanctions (docket nos. 114, 114-1 & 114-2)

- Notice (docket no. 116)

2

- Declaration (docket nos. 117 & 117-1)

- Order referring motion (docket no. 121)

- Order granting motion with modifications (docket no. 124)

A copy of each of the foregoing is attached for your convenience.

Defendants object to inclusion of Plaintiff's objections (docket no. 106), as they are effectively a memoranda of law, and requests Plaintiff's objections be omitted from the joint appendix.  In the alternative, Defendants designate their response to Plaintiff's objections (docket no. 110) for inclusion in the joint appendix.  A copy of Defendants' response is attached.

The final item on the draft table of contents is titled "CD of Youtube Videos."  If this is merely a reference to Exhibit A to my declaration dated September 24, 2014 (docket no. 98-1), then Defendants have no objection.  If this refers to something that was not filed with the district court, then Defendants object to its inclusion in the joint appendix.

Please let me know if you have any questions.  Hope you had a good holiday weekend.

Cliff

**CLIFTON L BRINSON | PARTNER**
cbrinson@smithlaw.com | bio | vcard
P 919.821.6605 | F 919.821.6800



Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P.
Wells Fargo Capitol Center
150 Fayetteville Street, Suite 2300 | Raleigh, NC 27601
P.O. Box 2611 | Raleigh, NC 27602-2611
smithlaw.com | map



 **From:** Herman Kaufman [mailto:hkaufma2@gmail.com]
**Sent:** Friday, May 22, 2015 1:12 PM
**To:** Cliff Brinson
**Subject:**

Mr. Brinson:

I am enclosing a draft of the table of contents for the joint appendix in the federal appeal to the Fourth Circuit in Springs v. Ally, et al.

Regards,

Herman Kaufman

203-964-1115

---

**IMPORTANT: This e-mail message is intended solely for the individual or individuals to whom it is addressed. It may contain confidential attorney-client privileged information and attorney work product. If the reader of this message is not the intended recipient, you are requested not to read, copy or distribute it or any of the information it contains. Please delete it immediately and notify us by return e-mail or by telephone (919) 821-1220.**

---